**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Chad Lee Monson,                                          Case No. 25-cv-1665 (KMM/DJF)

              Plaintiff,

v.                                                                          **ORDER**

Renville County Jail and Ned Wohlman, *in his*
*individual and official capacity*,

              Defendants.

This matter is before the Court on Plaintiff Chad Lee Monson's Motion for Appointment of

Counsel (ECF No. 17) and motion for an extension of time to file a response to Defendant Renville

County's Motion to Dismiss ("Motion for Extension") (ECF No. 19).

Mr. Monson's Motion for Appointment of Counsel argues appointment would be appropriate

because: (1.) "IFP has already been accepted and granted"; and (2.) the Court has authority to

appoint counsel under 28 U.S.C. § 1915(e)(1). (*See* ECF No. 17 at 2; ECF No. 18 at 1-2.) Mr.

Monson is correct that Section 1915(e)(1) authorizes the court to "request an attorney to represent

any person unable to afford counsel." But as Mr. Monson's own exhibit states, this "provision does

not guarantee that an indigent person will receive a court-appointed attorney for a civil case." (ECF

No. 18 at 2); *see also Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) ("In civil cases, there is no

constitutional or statutory right to appointed counsel."). Rather, the appointment of counsel is a

matter of the Court's discretion. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v.*

*Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Factors to consider in deciding whether to appoint

counsel include: "(1) the factual complexity of the issues; (2) the ability of the indigent person to

investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent

person to present the claims; and (5) the complexity of the legal arguments." *Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (citing cases).

Mr. Monson's reason for requesting counsel is not articulated.  But insofar as his request is premised on his lack of legal training, this alone "is not enough to establish that counsel should be appointed for him." *Mosby v. Swanson*, No. 12-cv-320 (KMM/DTS), 2023 WL 1785605, at *1 (D. Minn. Feb. 6, 2023).  As to the other factors the Court considers, neither the factual nor legal issues are particularly complex.  Nor does Mr. Monson lack the ability to investigate the facts or present his arguments to the Court.  Indeed, Mr. Monson has demonstrated some ability to conduct legal research.  The Court finds that his lack of access to assistance is not sufficient to warrant the appointment of counsel, as his situation does not distinguish his case from the countless other claims brought by pro se litigants.  The Court therefore **DENIES** Mr. Monson's Motion for Appointment of Counsel (ECF No. 17).

Mr. Monson's Motion for Extension is premised on his pending request for appointed counsel.  (ECF No. 19 at 1.)  The Court has now resolved Mr. Monson's Motion for Appointment of Counsel.  Given that Mr. Monson was awaiting the Court's decision on the Motion for Appointment of Counsel, however, there is good cause to extend the deadline for his response to Defendants Renville County and Ned Wohlman's Motion to Dismiss (ECF No. 10).  The Court therefore **GRANTS** the Motion for Extension (ECF No. 19).  Mr. Monson's response is due by **December 15, 2025**.  Defendants may file a reply on or before **January 5, 2026**.

**IT IS SO ORDERED.**

Dated: November 24, 2025                        *s/ Dulce J. Foster*
                                                              DULCE J. FOSTER
                                                              United States Magistrate Judge