**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Chad Lee Monson,                                            No. 25-cv-1665 (KMM/DJF)

      Plaintiff,

v.

                                              **ORDER**

Renville County, et al.,

      Defendants.

---

This matter is before the Court on Defendants Renville County and Ned Wohlman's Motion to Dismiss. (Dkt. 10.) For the reasons discussed below, the Motion is granted.

## BACKGROUND

In 2018, after being convicted of various federal firearm-related crimes, Plaintiff Chad Lee Monson was sentenced to 36 months' imprisonment and a subsequent term of supervised release. (Dkt. 11 at 2.) In 2020, Mr. Monson was released from prison and placed at the Renville County Jail, where he participated in a residential reentry program. (Dkt. 41 at 2.) He alleges that during that time, Mr. Wohlman, who is the Renville County Jail administrator, as well as Scott Hable and Brenda Mort,[1] denied him access to an attorney and the Renville County Law Library. (*Id.*) Mr. Monson also alleges that

---

[1] To be more precise, the Amended Complaint names "the United States Bureau of Prisons, Residential Re-entry Program per Brenda Mort" as a defendant. (Dkt. 41 at 1.) As noted below, the Court previously ordered dismissal of the claims against the "Bureau of Prisons Residential Reentry Program," Brenda Mort, and Scott Hable as frivolous. To the extent that Mr. Monson seeks to add them as defendants by pleading the same allegations before the Court dismissed them, he is not permitted to do so.

1

Mr. Wohlman "discontinued all legal help, insurance claims, accounting meetings and law enforcement meetings," and that Renville County "refused to permit federal prisoners access to the same[.]" (*Id.*) These are the entirety of his factual allegations.

In April 2025, Mr. Monson initiated this action by filing a Complaint raising due-process claims under the Fifth and Fourteenth Amendments. (Dkt. 1 at 3.) Relevant here, the Court ordered dismissal of the claims against the "Bureau of Prisons Residential Reentry Program," Brenda Mort, and Scott Hable as frivolous. (Dkt. 4 at 4 ¶ 1.) It also dismissed Mr. Monson's claims under the Fifth Amendment for failure to state a claim. (*Id.* ¶ 2.) The remaining claims were permitted to move forward for service of process. On October 27, 2025, Mr. Wohlman and the Renville County Jail filed the Motion to Dismiss that is currently before the Court. (Dkt. 10.) However, after briefing on the Motion was complete, Mr. Monson retained counsel and moved to amend his Complaint, and he was permitted to do so. (Dkts. 38–39.)

With very little explanation, the Amended Complaint alleges a "deprivation of civil rights guaranteed by the Fifth, Eighth, and Fourteenth Amendments"[2] as to Mr. Wohlman and Mr. Hable, asserts a *Bivens*[3] claim against the Bureau of Prisons, and contends that the County's actions were "in violation of *Monell*."[4] (Dkt. 41 at 2 (cleaned up).) Mr. Monson further alleges that "[a]s a result of Defendants' actions," he "lost [his] home" and "suffered

---

[2] The Court understands Mr. Monson's Fifth- and Fourteenth-Amendment claims to be restatements of the due-process claims raised in his original Complaint.

[3] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[4] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

2

a home robbery," costing him over $1.1 million. (*Id.* (cleaned up).) As remedies, Mr. Monson seeks "monetary relief against the individual prisoners in excess of $1,000,000," punitive damages, and injunctive relief requiring "the Bureau of Prisons and Renville County requiring them to permit federal prisoners to access attorneys and a law library." (*Id.* at 2–3.)

On April 9, 2026, the Court issued an order stating that it would "treat the motion to dismiss the original complaint as a motion to dismiss the amended complaint" and took the Motion under advisement without requiring additional briefing. (Dkt. 42.) The Court addresses the Motion now.

## DISCUSSION

To survive a motion to dismiss, "a complaint must contain sufficient factual allegations to state a claim to relief that is plausible on its face." *Smithrud v. City of St. Paul*, 746 F.3d 391, 397 (8th Cir. 2014) (quotation omitted). The allegations must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In applying this standard, courts must assume that all factual allegations in the complaint are true and construe all reasonable inferences from those facts in the light most favorable to the nonmoving party. *Cole v. Grp. Health Plan, Inc.*, 105 F.4th 1110, 1113 (8th Cir. 2024). However, courts "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Ingram v. Ark. Dep't of Corr.*, 91 F.4th 924, 927 (8th Cir. 2024) (quoting *Glick v. W. Power Sports, Inc.*, 944 F.3d

3

714, 717 (8th Cir. 2019)). Stated otherwise, there must exist "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

Having carefully reviewed the Amended Complaint, the Court concludes that Mr. Monson's conclusory allegations do not establish "more than a sheer possibility," *see id.*, that Defendants violated his due-process rights. To adequately plead a substantive due-process claim, Mr. Monson "must allege actions by a government official which 'violated one or more fundamental constitutional rights' and were 'shocking to the contemporary conscience.'" *C.N. v. Willmar Pub. Schs.*, 591 F.3d 624, 634 (8th Cir. 2010) (quoting *Flowers v. City of Minneapolis*, 478 F.3d 869, 873 (8th Cir. 2007)). This is a very high bar concerned with conduct "so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to brutal and inhumane abuse of official power[.]" *Id.* (quoting *Golden ex rel. Balch v. Anders*, 324 F.3d 650, 652–53 (8th Cir. 2003)). And a procedural-due-process claim requires Mr. Monson to allege a protected liberty or property interest and "that the defendant deprived him of such an interest without due process of law." *Gordon v. Hansen*, 168 F.3d 1109, 1114 (8th Cir. 1999) (citing *Marler v. Mo. State Bd. of Optometry*, 102 F.3d 1453, 1456 (8th Cir. 1996)).

Neither a substantive nor a procedural due-process claim is adequately pled in the Amended Complaint. The entirety of the allegations are that Mr. Wohlman "refused to permit [Mr. Monson] to see an attorney or use the Renville County Law Library during the time [he] was incarcerated," and that Mr. Wohlman "discontinued all legal help, insurance claims, accounting meetings and law enforcement meetings." (Dkt. 41 at 2.) Even construing these vague statements and any inferences that can be drawn from them in the

4

light most favorable to Mr. Monson, these conclusory statements are insufficient to establish a due-process claim that is "plausible on its face." *Smithrud*, 746 F.3d at 397. For example, there are no allegations describing the circumstances under which Mr. Monson was denied access to an attorney or the law library or explaining how he suffered a relevant injury as a result. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (noting that "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense" because there is no "abstract, freestanding right to a law library or legal assistance"); *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (concluding that dismissal was appropriate where "[p]laintiffs failed to allege any litigation-related detriment" resulting from a denial of meaningful access to the courts). And, even if Mr. Monson's suffering a "home robbery" and losing his home are somehow relevant injuries (Dkt. 41 at 2), it remains unclear how Mr. Wohlman's alleged conduct caused these harms. *See Pilgrim*, 92 F.3d at 416 ("In order to state a claim for denial of meaningful access to the courts, . . . plaintiffs must plead and prove prejudice stemming from the asserted violation."). His claims against Mr. Wohlman must therefore be dismissed.[5]

---

[5] In the absence of any plausible claim that Mr. Monson's constitutional rights were violated, the Court need not conduct further analysis on whether Mr. Wohlman, in his official capacity, is entitled to qualified immunity. *See Watkins v. City of St. Louis*, 102 F.4th 947, 951 (8th Cir. 2024) ("To overcome qualified immunity at the motion to dismiss stage, a plaintiff must plead facts showing," among other things, "that the official violated a statutory or constitutional right[.]" (quotation omitted)).

Mr. Monson's claim against Renville County is likewise untenable. His sole conclusory allegation is that the County "refused to permit federal prisoners access to the same [resources] in violation of *Monell*." (Dkt. 41 at 2.) Under *Monell*, "[a] municipality can be liable under § 1983 if an 'action pursuant to official municipal policy of some nature caused a constitutional tort.'" *Bernini v. City of St. Paul*, 665 F.3d 997, 1007 (8th Cir. 2012) (quoting *Monell*, 436 U.S. at 691)). But, "absent a constitutional violation by a [county] employee, there can be no § 1983 or *Monell* liability for the [County]." *Whitney v. City of St. Louis*, 887 F.3d 857, 861 (8th Cir. 2018). Having concluded that none of the individual defendants violated Mr. Monson's rights, his *Monell* claim against the County must also be dismissed.[6]

Finally, Mr. Monson alleges that his Eighth-Amendment rights were violated. However, the Amended Complaint does not include any, let alone sufficient, allegations for the Court to deduce the nature of the alleged violation. The Eighth-Amendment claim is dismissed as well.

---

[6] In his Response, Mr. Monson contends that Defendants' arguments about his failure to state a plausible *Monell* claim is "premature" because there remains a question of fact regarding what "the jail's policy with respect to permitting federal prisoners access to attorneys and to a law library" was. (Dkt. 25 at 4.) He further states that there are "no affidavits . . . to refute [his] claim that he was denied access to an attorney and to the law library." (*Id.*) His arguments do not consider his burden to plead "sufficient factual allegations to state a claim to relief that is plausible on its face." *Smithrud*, 746 F.3d at 397. Relevant here, "[e]ven if a plaintiff cannot identify the full scope of an alleged custom or policy, the key to surviving dismissal is that the 'complaint must allege facts which would support the existence of an unconstitutional policy or custom.'" *Sagehorn v. Indep. Sch. Dist. No. 728*, 122 F. Supp. 842, 867 (D. Minn. 2015) (quoting *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)). Mr. Monson has failed to do that here, so his *Monell* claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Dkt. 10) is **GRANTED**, and this matter is **DISMISSED WITHOUT PREJUDICE**.

**Let judgment be entered accordingly.**


Date: June 15, 2026                           *s/Katherine M. Menendez*
                                              Katherine M. Menendez
                                              United States District Judge